UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-cv-81742-MIDDLEBROOKS

MARK GOODMAN,

    Plaintiff,

v.

SECURITY MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

THIS CAUSE comes before the Court upon Defendant Security Mutual Life Insurance Company of New York's ("Defendant") Motion to Compel Production of Documents ("Motion"), filed on March 13, 2017. (DE 26). Plaintiff Mark Goodman ("Plaintiff") filed a Response on March 23, 2017 (DE 28), to which Defendant replied on March 27, 2017 (DE 30).

This case involves Defendant's denial of Plaintiff's claim for disability benefits under Defendant's insurance policy. As part of its claim investigation, Defendant arranged for Plaintiff to submit to an independent medical examination, during which Plaintiff told the doctor that he had purchased a home in Florida a month before he alleges that his disability caused him to close his business. (DE 26-1). On November 30, 2016, Defendant filed a Request for Production, seeking all documents related to the purchase of Plaintiff's home in Florida and the sale of Plaintiff's home in New York. (DE 26-2). On January 11, 2017, Plaintiff objected to these requests as overly broad, unduly burdensome, and irrelevant. (DE 26-3). On March 3, 2017, Defendant's counsel emailed Plaintiff's counsel to ask whether he would be amenable to narrow the request to:

    (1) The date Plaintiff listed his home in New York for sale;

(2) The date that Plaintiff's New York home was sold;

(3) The date Plaintiff entered into an agreement to purchase the home in Florida;

(4) The date Plaintiff closed on his house in Florida;

(5) The names of the realtors Plaintiff used for the sale of his home in New York and the purchase of his home in Florida; and

(6) Documents reflecting/relating to the reason Plaintiff bought the house in Florida.

("Defendant's Narrowed Request for Production") (DE 26-4). On March 10, 2017, Plaintiff's counsel stated that Plaintiff objected to Defendant's Narrowed Request for Production as irrelevant. (DE 26-4). Defendant moves to compel responses to its Narrowed Request for Production.

"A party seeking discovery may move for an order compelling [a] . . . production . . . [if] a party fails to produce documents . . . as requested." Fed. R. Civ. P. 37. The party who resists discovery bears the burden of showing the grounds for its objection with specificity. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

First, Plaintiff argues that Defendant's Motion is barred by Local Rule 26.1(g)(1) because it was filed more than 30 days after Plaintiff's response to Defendant's Request for Production. Local Rule 26.1(g)(1) provides that "[a]ll motions related to discovery, including but not limited to motions to compel discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." S.D. Fla. L.R. 26.1(g)(1). I find that Defendant's Motion was not untimely because it was filed within 30 days of Plaintiff's objection to Defendant's Narrowed Request for Production.

Second, Plaintiff argues that Defendant's Motion should be denied because information related to Plaintiff's real estate transactions is not relevant to whether Plaintiff is disabled.

2

Specifically, Plaintiff states that his insurance contract does not permit Defendant to demand Plaintiff's real estate documents, and that Defendant did not ask for this information when it agreed to provide Plaintiff insurance or when it initially denied Plaintiff's claim. Rule 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Moreover, "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, Case No. 05-60860-CIV, 2007 WL 1526649, at *1 (S.D. Fla. May 22, 2007).

Plaintiff has not met his burden of showing the information in Defendant's Narrowed Request for Production has no possible bearing on Plaintiff's claim. The evidence Defendant has provided suggests that Plaintiff told his doctor that he planned to retire to Florida. The timing of his retirement corresponds with his decision to close his business, which he claims is due to his total disability. Thus, certain circumstances surrounding Plaintiff's move to Florida may be relevant to his claim of total disability. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion (DE 26) is **GRANTED**. Plaintiff must respond to Defendant's Narrowed Request for Production by March 30, 2017.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 29 day of March, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record