UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARK GOODMAN,  CASE NO. 9:16-CV-81742-DMM

    Plaintiff(s),

vs.

SECURITY MUTUAL INSURANCE
COMPANY OF NEW YORK,

    Defendant(s).         /

## PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENDANT'S EXPERT, DR. BRADLEY CASH

In accordance with this Court's trial order, and pursuant to all applicable Federal Rules of Civil Procedure and Federal Rules of Evidence, Plaintiff hereby files his Motion In Limine precluding Defendant from referring to its hired expert, Dr. Bradley Cash, as an "independent medical examiner" and to his examination of Plaintiff as an "independent medical examination", and limiting Dr. Cash's testimony to Plaintiff's medical history and the examination of the Plaintiff.  Plaintiff respectfully requests that this Court grant his motion and/or grant such other relief as this Court deems appropriate.

### Background

Plaintiff, Dr. Goodman, a dentist, submitted a claim for benefits under two disability policies issued by Defendant, Security Mutual Ins. Co of New York

1

("Security Mutual"). Security Mutual outsourced the administration of Dr. Goodman's claim to CSC, a global technology company. Ultimately, after approximately a year of gathering voluminous documents and investigative information, Security Mutual, through CSC, denied Plaintiff's claim based primarily upon a single compulsory medical examination by a physiatrist, Dr. Bradley Cash, for which it initially paid $4200.[1]

Dr. Goodman claimed partial disability benefits at the outset of his claim in 2014, and in August 2015 claimed total disability benefits due to his concern for his patients' safety. Dr. Goodman suffers from osteophytic formations on his cervical spine which press not only on his spinal cord, but also the exiting nerve roots. This has caused significant pain to Dr. Goodman throughout his neck, left shoulder and left upper extremity as well as numbness and tingling into his left hand to the point that he began dropping dental instruments. Dr. Goodman also suffers from left shoulder derangement, including a partial rotator cuff tear and adhesive capsulitis, which restricts fluid movement of his shoulder.

### DEFENDANT SHOULD BE PRECLUDED FROM REFERRING TO ITS HIRED EXPERT, DR. BRADLEY CASH, AS AN INDEPENDENT MEDICAL EXAMINER, AND TO HIS EXAMINATION AS AN INDEPENDENT MEDICATION EXAMINATION

---

[1] Since that time, the physician has likely billed more money to the insurance company, as he has prepared additional reports. In fact, he originally sought to charge Plaintiff $5,000 for a 1-2 hour deposition, later reducing that figure to $2,000.

2

During its review of Dr. Goodman's claim, Defendant required Dr. Goodman to submit to a compulsory medical examination with physiatrist, Dr. Bradley Cash ("Dr. Cash"). Defendant paid Dr. Cash approximately $4200 for his one-time examination of Dr. Goodman and accompanying report. Defendant refers to Dr. Cash as an independent medical examiner, and refers to Dr. Cash's examination as an independent medical examination throughout its letter denying Dr. Goodman's claim for benefits, as well as throughout its administrative claim file. A copy of Defendant's denial of benefits letter dated November 25, 2015 has been attached hereto as Exhibit "1".

However, Dr. Cash was not mutually selected by the Defendant and Dr. Goodman or by any court. He was unilaterally and specifically retained by Defendant to conduct the compulsory medical examination of Dr. Goodman. Thus, referring to Dr. Cash as an "independent medical examiner" and to his examination as an "independent medical examination" is not only misleading, but also creates a significant likelihood of improperly influencing the jury by misleading them to believe that Dr. Cash is a neutral physician examiner with no stake in the game, when the contrary is in fact true.

There also stands a high likelihood that by referring to Dr. Cash and his report as "independent", the jury will be misled to believe that Dr. Cash was mutually selected by Defendant and Dr. Goodman, or worse yet, a neutral

physician selected by the Court to determine Dr. Goodman's physical limitations. In fact, even this Court, in its Order Granting Defendant's Motion to Compel [DE 31], confused Dr. Cash as being one of Dr. Goodman's own doctors, presumably due to his label as an independent medical examiner. "The evidence Defendant has provided suggests that Plaintiff told his doctor that he planned to retire to Florida." [DE 31] p.3 ¶ 2.

If the mistake can be made by a federal court then it is likely that the mistake will be made by the jury as well, unless preemptive measures are taken to avoid such catastrophic confusion.

As such, it is only appropriate for the Court to require that Dr. Cash be referred to as a "compulsory medical examiner", and to his examination as a "compulsory medical examination", in accordance with the long line of Florida state law cases which recognize that physicians selected by insurers to conduct examinations of an insured are adversaries and the examination is in fact an adversarial proceeding. See U.S. Security Insurance Company v. Cimino, 754 So.2d 697 (Fla 2000) ("When resort to an [independent medical examination] is necessary by either party, the parties' relationship is clearly adversarial, and a physician performing an IME should be treated as the requesting party's expert witness...."citing to Adelman Steel Corp. v. Winter, 610 So.2d 494 (Fla. 1st DCA 1992).) See also Allstate Ins. Co. v. Boecher, 733 So.2d 993, 994 at fn.4 (Fla.

4

1999)(recognizing that compulsory medical examination is more appropriate terminology for examination that are compelled by adverse party so as to avoid confusion).

Permitting the Defendants to refer to its hired expert, Dr. Cash, as independent medical examiner and to his examination as an independent medical examination would unfairly prejudice the Plaintiff by creating an impression in the jury's mind that Dr. Cash is wholly neutral and that his opinions should carry more weight as if he had been appointed by the Court to conduct a neutral examination of the Plaintiff.

## THE TESTIMONY OF DEFENDANT'S COMPULSORY MEDICAL EXAMINER, DR. BRADLEY CASH, SHOULD BE LIMITED TO THE MEDICAL HISTORY AND THE EXAMINATION OF THE PLAINTIFF

Furthermore, Dr. Cash's testimony should be limited to Plaintiff's medical history and to his examination of Dr. Goodman. Physicians who conduct compulsory medical examinations and produce reports detailing their findings, such as the ones produced in this case by Dr. Bradley Cash, are prohibited from testifying to new, different or modified opinions that were not previously expressed in their report. Suarez-Burgos v. Morham 745 So.2d 368 (Fla 4th DCA 1999); Office Deport. Inc. v. Miller, 584 So.2d 587 (4th DCA 1991).

Additionally, Dr. Cash should not be permitted to speculate as to facts or medical records that have not been admitted into evidence. Specifically, he

5

should be prohibited from testifying directly about hearsay information as experts may not serve as a conduit for inadmissible hearsay. Erwin v. Todd, 699 So.2d 275 (Fla. 5th DCA 1997); Makalkiewicz v. Berton 652 So.2d 1208 (Fla. 3rd DCA 1995); Forester v. Jewell, 610 So.2d 1373 (Fla. 1st DCA 1992); Riggins v. Mariner Boat Works, 545 So.2d 430 (Fla. 2d DCA 1989); Kurynka v. Tamarac Hospital, 542 So.2d 412 (Fla. 4th DCA 1989).

Here, it appears that Dr. Cash is intended to be used as a conduit for information which far exceeds Plaintiff's medical history and Dr. Cash's examination. Dr. Cash should not be allowed to testify as an investigative reporter as to matters extraneous to Dr. Goodman's health. Accordingly, Plaintiff respectfully requests that this Court limit Dr. Cash's testimony to matters involving Plaintiff's medical history and the examination of Plaintiff.

WHEREFORE Plaintiff respectfully requests that this Court preclude Defendant from referring to its hired expert, Dr. Bradley Cash, as an "independent medical examiner" and to his examination of Plaintiff as an "independent medical examination", and limit Dr. Cash's testimony to Plaintiff's medical history and the examination of the Plaintiff.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court via CM/ECF on this 3rd day of April, 2017, and electronically furnished to Timon V. Sullivan, Esq., of, Ogden & Sullivan P.A., 113 South Armenia Avenue, Tampa, FL 33609

| | |
|---|---|
| Gregory L. Denes, P.A. | ATTORNEYS DELL & SCHAEFER |
| 300 Mercury Road | CHARTERED |
| Juno Beach, Florida  33408 | Attorneys for Plaintiff |
| (561) 694-91992404 | Hollywood Boulevard |
| (561) 694-2993 (Fax) | Hollywood, FL  33020 |
| (954) 620-8300 | |
| | |
| ___/s/ *Gregory L. Denes, Esq.* | _/s/ *Cesar Gavidia, Esq.* |
| Gregory L. Denes, Esq. | CESAR GAVIDIA, ESQUIRE |
| greg@deneslaw.com | cesar@diattorney.com |
| Florida Bar No, 828416 | Florida Bar No.: 015263 |