BBBBBCKB.NYT

Page 140



SECURITY MUTUAL LIFE INSURANCE
COMPANY of NEW YORK
P.O. Box 600 Southfield, MI 48037-0600
Phone 1-877-366-2592 Fax (888) 214-9045

November 25, 2015

MARK GOODMAN DDS
8 NOTTINGHAM DR
WHEATLY HTS, NY 11798

Insured Name: MARK GOODMAN, D.D.S.
Policy Numbers: SMII828208 & SMH841225
Correspondence Number: 10518798

Dear Dr. Goodman:

The following is sent in reference to your claim for Disability Income Benefits under the above captioned policy.

As you know we have been in the process of gathering and analyzing information needed to assess your claim for Total Disability and Partial Disability benefits under your policy. During this process we have received information including copies of your medical records and completed claim forms from your treatment providers. We have also received your completed Initial Claim Form and subsequently spoken with you regarding your condition and ability to work as a general dentist. Additionally we have also received the report from the Independent Medical Examination performed by Bradley S. Cash, M.D., that you underwent on September 3, 2015. A copy of this report was sent to your physicians Dr. Livoti and Dr. Litman. Although we have offered to review any additional information should your physicians feel it would affect our assessment we have not received any response or further information from either of your physicians.

As we have discussed, although you indicated that you feel that you were first limited due to your condition in 2011, your physician, Dr. Livoti, stated that you were first limited from performing your occupational duties as of May 30, 2014. As such it appears that at the time your claimed period of disability started, you were a general dentist working part-time, approximately an 18 to 20 hour work week as you indicated.

As you explained, you left your position as a full-time general dentist in the Your Family Dentist practice, apparently related to a dispute between the owners of the practice. Your said that you were a witness for one of the partners in a law suit and as an apparent result of this, you were sued by the other partner in a separate law suit for which you said you were recently fully acquitted. You said that in 2011 you sought part-time employment due to your medical conditions and were hired as a part-time general dentist by Kane Dental Center. You apparently continued working 18-20 hours per week for Kane Dental Center until August 12, 2015 when you stopped working



EXHIBIT 1

3308

completely. You also indicated that you performed approximately five hours per month of dental work on family and friends at your friend, Dr. Glisci's, office.

You are claiming Partial Disability benefits under your policy up to August 12, 2015. You reported being initially unable to work full-time due to neck pain, shoulder pain and carpal tunnel syndrome. You advised me recently that your condition worsened as of August 12, 2015 and you feel that you have been totally disabled since that date. Based upon our medical consultant's review of your claim information, it appears that your treatment for your conditions has been sporadic and less than what would be expected given your reported limitations.

Your physician, Dr. Livoti, provided restrictions and limitations with respect to your ability to work. Specifically on the Attending Physicians Statement dated August 25, 2014, Dr. Livoti indicated that you should not use your left arm and shoulder for lifting, pushing, pulling greater than 5 lbs and should not keep it in one position for more than five minutes. He also said that due to your spine condition you were limited from sitting for more than 15 minutes at a time. Dr. Livoti stated that you were first limited from May 30, 2014 and that your limitations would be lifelong.

Our Medical Review Specialist reviewed your claim information several times over the course of our claim assessment. She initially was not able to provide her opinion regarding your condition and limitations due the lack of a clinical examination and diagnostic studies in regard to your musculoskeletal conditions and minimal treatment analysis reports in this regard. After several attempts to schedule time for her to speak with your Attending Physician, Dr. Livoti, she spoke with Dr. Livoti on March 30, 2015. During that conversation when asked about the documentation of Dr. Goodman's condition and treatment, Dr. Livoti said that you would be scheduled to have MRI testing done for your shoulder and spine. We requested copies of Dr. Livoti's hand written medical records for you and have not yet received them. Our medical consultant concluded at that time that the information received including the telephone conference with Dr. Livoti did not justify a total functional impairment status and may not justify partial impairment. She recommended that the pending MRI results be obtained to help us better understand your condition and limitations. The MRI results were obtained and our medical consultant's comments included her indication that based upon these findings you may not be limited at all or could be limited from pushing, pulling and lifting more than 20 lbs. She recommended that an Independent Medical Examination be performed to help us understand your condition and limitations.

We also enlisted the assistance of our Vocational Rehabilitation Department to help us understand your occupational activities and whether your restrictions and limitations would limit you from part-time or full-time work as a general dentist. Per a review of your occupational activity records provided, it appears that your work activity increased from 2012 to June of 2014, when it decreased by a comparatively small amount. Compared to the monthly averages of 2012 and 2013, i.e. before the start of your claim period on May 30, 2014, your production increased during the period of June through October 2014. The following table provides further detail of the analysis of your occupational activity for this period:

BBBBBCKB.NYT

|  | 2012 | 2013 | Jan – May 2014 | Jun – Oct 2014 |
|---|---|---|---|---|
| Average Number of Procedures Performed Per Month | 264 | 316 | 454 | 429 |
| Average Procedure Charges Per Month | $7,339 | $9,346 | $11,851 | $11,498 |

This information does not appear to be consistent with your claimed occupational limitations starting May 30, 2014.

On August 22, 2014, our Vocational Rehabilitation Specialist contacted you to discuss possible ergonomic and practice management strategies that could assist you with your work activities. You declined this offer of assistance as you stated that you believed that you are working at your optimal level and because you felt that there would be no benefit to providing you with such assistance.

An Independent Medical Examination was completed on September 3, 2015. The results were received in our office on September 17, 2015. The Independent Medical examiner, Dr. Cash, indicated in his examination report that in his medical opinion, there are no restrictions that he would place on you. He also said that in his opinion there are no medical conditions that are limiting you from any occupational activities.

On October 1, 2015, copies of the report from the examination were sent to Dr. Livoti and your pain management physician, Dr. Litman, as you requested for their review and interpretation for you. We also asked Dr. Livoti and Dr. Litman to provide any further information regarding your claim that they may wish to provide within 21 days of the date of the letters sent to them. We have not received anything further from Dr. Livoti or Dr. Litman.

Your policies include the following benefit provisions:

> *TOTAL DISABILITY - Before benefits have been paid for the Your Occupation Period shown on Page 3, Total Disability means that, due to Injury or Sickness:*
>
> *(1) you are unable to perform the substantial and material duties of Your Occupation; and*
> *(2) you are under the care and attendance of a Physician.*
>
> *After benefits have been paid for the Your Occupation Period shown on Page 3, Total Disability means that, due to Injury or Sickness:*
>
> *(1) you are unable to engage in any gainful occupation in which you might reasonably be expected to engage because of education, training or experience, with due regard to Your Occupation and earnings at the start of your disability; and*
> *(2) you are under the care and attendance of a Physician.*

3310

BBBBBCKB.NYT

Page 143

As stated on page 3 of your policy:

*YOUR OCCUPATION: AGE 65 OR 10 YEARS, WHICHEVER IS LONGER, BUT NEVER BEYOND THE MAXIMUM BENEFIT PERIOD.*

As stated in the Total Disability policy provision above this policy insures your ability to perform the material and substantial duties of your occupation, in this case as a general dentist. As it appears you have the ability to perform the material and substantial duties of this occupation, you are not eligible for Total Disability benefits under your policies. Further it appears that the reason you were working part-time at the time of disability was due to your choice not to work full-time, unrelated to your condition.

*PARTIAL DISABILITY means that, due to Injury or Sickness:*

1. *you are unable to perform one or more of the substantial and material duties of Your Occupation; or*
2. *you cannot perform those substantial and material duties for the length of time that they usually require; and*
3. *your loss of monthly income is at least 20% of your Prior Monthly Income; and*
4. *you are under the care and attendance of a Physician.*

Under the Partial Disability provisions of your policies, benefits are provided for income losses due to injury or sickness. These provisions do not provide benefits for losses due to other unrelated factors such as unemployment, semiretirement or retirement. This income loss benefit is based on your inability, due to injury or sickness, to *"perform one or more of the substantial and material duties of Your Occupation; or"*, *"you cannot perform those substantial and material duties for the length of time they usually require;"*. Based upon our medical reviewer's reports and the Independent Medical Examination report received, it appears that you could work as a general dentist.

Should you decide to return to work as a general dentist, as per your previous discussion with our Vocational Rehabilitation Director, we would be glad to provide ergonomic and practice management assistance to you to help you in this effort. Please contact us if you would like to speak with our Vocational Rehabilitation Department about such assistance.

Your policy also includes a Waiver of Premium provision. However, as you are not currently eligible for Total Disability or Partial disability benefits, you would also not be eligible for waiver of premium under this policy at this time.

Our current assessment is based on the information provided to date. Should your circumstances change or should you have additional information that has not already been considered that you feel would affect our current assessment, please contact me or forward the information to my attention as soon as possible. You can contact me at: 1-877-366-2592, extension 5696.

Sincerely,

John G. McLeod
Claim Services

3311